# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 10 C 412 |
| | ) | |
| | ) | |
| MICHAEL W. STAADT | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Michael W. Staadt's (Staadt) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255 Motion). For the reasons stated below, we dismiss the Section 2255 Motion.

## BACKGROUND

On March 26, 2009, in case number 08 CR 560, Staadt pled guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). On August 5, 2009, at the sentencing hearing, the court calculated Staadt's offense level as 22 and his criminal history category as III, which resulted in an advisory guideline range of 51 to 63 months imprisonment. Staadt argued that 48 months was an appropriate

1

sentence based upon his history of mental illness and willingness to obtain mental health treatment both during and after incarceration. (Tr. 45). The Government argued that a sentence within the guideline range was appropriate given Staadt's criminal history, mental health problems, and the substantial number of bank robberies Staadt committed. (Tr. 50-51). After providing the parties an opportunity to present their arguments, the court sentenced Staadt to 54 months of imprisonment on each of the three counts, to be served concurrently.

On August 26, 2009, Staadt filed a notice of appeal. On August 27, 2009, Staadt filed a *pro se* motion to dismiss his appeal. On September 30, 2009, the Seventh Circuit entered an order stating, "[o]n consideration of the letter from attorney Thomas A. Durkin, counsel for the defendant-appellant Michael W. Staadt, received by this court on September 29, 2009, which the court treats as a motion to dismiss this appeal, and the "MOTION TO DISMISS APPEAL" filed with the district court on August 27, 2009, by defendant-appellant Staadt *pro se*, IT IS ORDERED that this appeal is DISMISSED voluntarily pursuant to Fed. R. App. P. 42(b)." (Case Number 09-3384, Dkt. 2).

Notwithstanding Staadt's decision to dismiss his appeal, on January 20, 2010, Staadt filed the instant Section 2255 Motion, and on February 10, 2010, Staadt filed an addendum (Addendum) to the Section 2255 Motion. In Staadt's Section 2255

Motion and Addendum, Staadt argues that he received ineffective assistance of counsel at the sentencing hearing and that, in sentencing Staadt to 54 months of imprisonment, the court violated 18 U.S.C. §3553. We note that Staadt could have made these same arguments in the appeal he withdrew. However, Staadt has alleged in his 2255 motion that he withdrew his appeal due to fear that he would be charged for additional crimes.

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* The relief sought in a Section 2255 Motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief should be granted "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)(internal quotation marks

and citation omitted). Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

## DISCUSSION

Staadt argues that he received ineffective assistance of counsel at sentencing and that, in imposing a 54 month sentence upon Staadt, the court violated various provisions of 18 U.S.C. §3553.

I. Ineffective Assistance of Counsel

Staadt contends that he received ineffective assistance of counsel at sentencing because his counsel failed to investigate a favorable medical report, obtain a copy of the report, and present testimony by the physician who authored the report. (Add. 2). Ineffective assistance of counsel claims are properly raised in a Section 2255 Motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his attorney's performance was objectively unreasonable and (2) that the objectively unreasonable

performance was prejudicial to petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). With respect to the first element, Staadt must identify specific acts or omissions giving rise to his claim and "[t]he court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. With respect to the second element, Staadt must show that but for his counsels' objectively unreasonable performance, the result of his sentencing would have been different. *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003).

In making his ineffective assistance of counsel claim, Staadt does not identify a specific medical report his counsel allegedly failed to investigate or obtain. In addition, the record indicates that, at sentencing, Staadt's counsel presented the court with "voluminous" documents relating to Staadt's mental health, including copies of Staadt's psychiatric and medical records from St. Joseph Hospital, Chicago, Illinois for the period from March 25, 2003 to March 28, 2003, from the Westside VA/Jesse Brown Veterans Affairs Medical Center for the period from June 15, 2007 to February 25, 2008, and from the United States Bureau of Prisons, Metropolitan Correctional Center (MCC) for the period from September 13, 2008 to approximately July 7, 2009. (Mot. 6, Tr. 2, 34). Furthermore, in sentencing Staadt, the court considered the medical records and extensive arguments presented by

5

Staadt's attorneys related to Staadt's history of mental health problems, including major depression, chronic bi-polar disorder, chronic schizoaffective disorder, and alcoholism. (Tr. 54). Thus, Staadt has not shown that his counsels' performance in representing him at sentencing was in any way deficient, nor that the result of Staadt's sentencing would have been different had Staadt's counsel investigated or obtained an additional medical report for the purposes of sentencing or called a physician to testify at sentencing.

II. 18 U.S.C. §3553 Issues

Staadt also contends that the court violated 18 U.S.C. §3553.

A. 18 U.S.C. §3553(a)(2) Issue

Staadt argues that the court violated 18 U.S.C. §3553(a)(2) by not taking into account "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2). The record reflects

that the court considered each of these factors in sentencing Staadt. For example, the court noted that bank robbery is a very serious crime, that Staadt pled guilty to committing three separate bank robberies, and that Staadt also committed or attempted to commit six additional bank robberies that were not charged in this case. (Tr. 61). In addition, the court considered the need to promote respect for the law by weighing Staadt's potential to be a law-abiding member of society against the magnitude and nature of Staadt's crimes, which "were planned and executed using a significant degree of sophistication." (Tr. 62). The court also considered the need for deterrence, and noted that the need for specific deterrence might be diminished if Staadt maintained successful treatment for his mental health problems and alcohol dependence. (Tr. 62). Further, the court observed that there is a definite need to protect the public from Staadt and other individuals who commit bank robberies. (Tr. 62). The court indicated that Staadt's criminal activity had escalated in spite of his family's attempts to help Staadt control his mental health problems and alcohol dependence. (Tr. 62-63). The court also noted that Staadt's conduct during pre-trial release, specifically his scheme to leave the treatment center where he was living and his attempted robbery of a bank while he was away from the treatment center, demonstrated the continued need to protect the public from Staadt. (Tr. 63). The court reflected that during each bank robbery Staadt committed, he put the lives and

safety of many people in jeopardy, exposed people to danger, and inflicted serious emotional trauma on bank tellers and other individuals. (Tr. 63-64). In sentencing Staadt, the court also indicated that it believed Staadt needed mental health treatment and treatment for alcohol abuse treatment, and that the court would take into consideration such needs in fashioning a sentence for Staadt. (Tr. 64). Finally, the court stated that it had "considered all of the arguments presented . . . by the government's counsel, defense counsel, and [Staadt]" and that it had "taken into consideration all factors provided in 18 U.S.C. § 3553(a)." (Tr. 64, 66). Based upon the record, Staadt's argument that the court failed to consider the factors enumerated in 18 U.S.C. § 3353(a)(2) is therefore without merit.

### B. 18 U.S.C. § 3353(a)(6) Issue

Staadt argues that the court violated 18 U.S.C. § 3353(a)(6), which provides that the court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* Staadt did not provide any evidence that the sentence imposed by the court in his case created a sentencing disparity in violation of 18 U.S.C. § 3353(a)(6). In addition, the court stated that it had "considered the need to avoid unwarranted sentencing disparities among defendants convicted of similar misconduct." (Tr. 66). Further, "a district

8

court that sentences within the Guidelines necessarily gives weight and consideration to avoiding unwarranted disparities." *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010); *see also United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009)(stating that "[a] sentence within a properly ascertained range [] cannot be treated as unreasonable by reference to § 3553(a)(6)"). The record indicates that Staadt did not challenge the guideline calculations in the Presentence Investigation Report. (Tr. 5-7, 29). The record also indicates that the court found the guideline calculations reflected in the Presentence Investigation Report to be correct. (Tr. 32-33). In addition, the court sentenced Staadt within the advisory guideline range. (Tr. 54, 66). Based on the above, Staadt has not shown that the court sentenced Staadt in violation of 18 U.S.C. § 3553(a)(6).

### 3. 18 U.S.C. § 3353(a)(1) Issue

Staadt argues that the court violated 18 U.S.C. § 3353(a)(1) because it failed to consider Staadt's mental illness during sentencing. The record indicates that the court considered Staadt's mental illness when it considered Staadt's history and characteristics. (Tr. 60, 64-65). The record also indicates that, as part of Staadt's history and characteristics, the court additionally considered Staadt's prior offenses and Staadt's character as portrayed in letters submitted by various family members

and testimony given by his father, mother and brother at sentencing. (Tr. 60, 64-65). Thus, the record is clear that the court considered Staadt's history and characteristics during sentencing, including his history of mental health problems. Staadt's argument that the court sentenced him in violation of 18 U.S.C. § 3353(a)(1) therefore lacks merit.

### 4. Consideration of Arguments Related to Mental Illness

Staadt contends that, at sentencing, the court did not consider the arguments presented regarding his mental illness, which suggested that Staadt suffered from diminished capacity during the commission of his crimes. Staadt acknowledges that the concept of receiving a downward departure from the normal guideline range based upon diminished capacity "has been rendered obsolete in post-*Booker* sentencing" and that "the district court may apply those departure guidelines by way of analogy in analyzing the section 3553(a) factors." *United States v. Schroeder*, 536 F.3d 746, 756 (7th Cir. 2008).

The record clearly reflects that in analyzing the 18 U.S.C. § 3553 factors, the court acknowledged Staadt's mental health problems and extensively considered Staadt's mental health problems in imposing a sentence. For example, the court identified Staadt's mental health problems as including major depression, chronic bi-

polar disorder, chronic schizoaffective disorder, and alcoholism. (Tr. 54). In addition, the court stated that it would consider Staadt's argument that his mental illness played a substantial role in causing Staadt to commit both past and the instant crimes. (Tr. 60-61, 63, 65). The court also indicated that it had considered Staadt's argument that he could be a productive member of society if his mental health and dependency issues could be controlled. (Tr. 62, 65)**.** In addition, the court acknowledged Staadt's willingness to control his mental health issues in the future through proper medication, therapy, and treatment. (Tr. 62, 65). The court also pointed out the parties' agreement regarding Staadt's need for mental health treatment and affirmed that the court believed Staadt needed mental health treatment in connection with the sentence imposed. (Tr. 64). The record, thus, clearly reflects that, in fashioning a sentence for Staadt, the court fully considered Staadt's arguments related to his mental illness.

### 5. Consideration of Factors in Imposing Sentence

Staadt claims that in sentencing him to 54 months, the court failed to consider the factors articulated in 18 U.S.C. § 3553, and instead imposed its own sentencing philosophy. Staadt makes this conclusory statement without providing any facts as to how the court imposed its own sentencing philosophy. In addition, the court

11

imposed a sentence near the low end of the applicable advisory guideline range, which was 51 to 63 months. (Tr. 54). Further, Staadt's sentence was only slightly longer than the sentence Staadt requested, which was 48 months. Based upon the record, Staadt's argument that the court imposed its own sentencing philosophy in sentencing Staadt to 54 months lacks merit.

  6. <u>Argument Related to Criminal History</u>

Staadt also argues that the court failed to consider Staadt's argument that his criminal history category overstated his criminal culpability. As discussed above, the court acknowledged that Staadt's mental illness was a primary factor in Staadt's criminal history and Staadt's commission of the bank robberies at issue. (Tr. 60-61, 63, 65). As further discussed above, the court stated that the likelihood of recidivism might be decreased if Staadt received ongoing mental health treatment. (Tr. 62, 65). In addition, at sentencing, counsel for Staadt acknowledged the overlap between that the advisory guideline range that would be applicable if Staadt's criminal history category was category II (46 to 57 months), as opposed to category III (51 to 63 months). (Tr. 45). The sentence imposed, 54 months, falls within both advisory guideline ranges. Thus, Staadt has not shown that the court failed to consider his argument that Staadt's criminal history category of III overstated the seriousness of

his prior criminal conduct and his risk of recidivism.

Based on the above, Staadt is not entitled to relief in regard to his Section 2255 Motion. Therefore, we dismiss the motion and direct the Clerk of the Court to notify Staadt of this dismissal. We also note that Staadt filed a motion for transfer of custody, asking to be transferred to the MCC so that the court could exercise personal jurisdiction over Staadt with respect to the Section 2255 Motion, and a motion for leave to proceed *in forma pauperis*. Both motions are denied as moot.

## CONCLUSION

Based on the foregoing analysis, we dismiss Staadt's Section 2255 Motion and direct the Clerk of the Court to notify Staadt of this dismissal. We also deny as moot Staadt's motion for transfer of custody and motion for leave to proceed *in forma pauperis*.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 4, 2010